IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SOJKA, on behalf of herself and a class, and MARK SOJKA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DIRECTBUY, INC., AND DOES 1-10. | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Stephanie Sojka and Mark Sojka bring this action to secure redress for the actions of defendant DirectBuy, Inc., in making or causing the making of telemarketing calls to persons on the "do not call" list, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**PARTIES**

2. Plaintiffs Stephanie Sojka and Mark Sojka are individuals who reside in the Northern District of Illinois.

3. Defendant DirectBuy, Inc. is an Indiana corporation with its principal place of business at 8450 Broadway, Merrillville, IN 46410. It is engaged in the business of selling home furnishings. It does business in Illinois. Its registered agent and office is Prentice Hall Corporation, 33 North LaSalle Street, Chicago, IL 60602.

4. Defendants Does 1-10 are other natural or artificial persons that were involved in the making of the calls. Plaintiffs do not know who they are.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow*

*Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Do business in Illinois.

7. Venue in this District is proper for the same reason.

## FACTS

8. Plaintiffs' phone number is on the national "do not call list."

9. On August 13, 2012, plaintiffs received the following message on their voicemail:

> Hi, this is Ellie calling from . . . in regards to an entry form you filled out to win a $50,000 home makeover, in one of our shopping malls, movie theaters, or online in the last 12 months. I have some very good news for you. Your name was pulled last night. So give me a call back as soon as possible. My number is 888-301-0702. That number again is 888-301-0702, extension 421.

10. On or about August 23, 2012, plaintiffs received the following message on their voicemail:

> Hello, my name is Brooke. I'm calling on behalf of Direct Buy, in regards to an entry form I have here that you guys apparently submitted a while back. Could have been about 12 months ago. It was filled out for a chance to win a $50,000 home makeover for our National Direct Give-Away promotion. Now we did have entries all over, where you can sign yourself up to win and they did choose yours as one of our finalists, so congratulations. This does guarantee you one of the top gifts in the contest, so I strongly advise you to contact me for all the details. My number here is toll free 1-888-960-7821. I can assure you this is not a sales call. So I hope to hear from you soon and have a great day.

11. On October 4, 2012, plaintiffs received the following message on their voicemail:

> This call is from a verification center in regards to an entry form you filled out to win a $50,000 home makeover in one of our shopping malls, movie theaters, or online within the last 12 months. I have some very good news for you. Your name was pulled last night. Press 1 to speak to a live operator or press 2 to be placed on the DNC list.

12. On November 9, 2012, plaintiffs received the following message on their voicemail:

> Hi this is Morgan calling from the verification center in regards to an entry form you filled out to win a $50,000 home makeover in one of our shopping malls, movie theaters, or online in the past twelve months. I have some very good news for you: your name was pulled last night. So give me a call back at 888-648-2805. Again our number is 888-648-2805 extension 485.

13. On November 27, 2012, plaintiffs received the following message on their voicemail:

> Calling from the verification center in regards to an entry form you filled out to win a $50,000 home makeover in one of our shopping malls, movie theaters, or online in the past twelve months. I have some very good news for you. Your name was pulled last night. Press 1 to speak to a live operator, or press 2 to be placed on the DNC list.

14. Plaintiffs had not filled out any such entry form.

15. All messages were placed using an automatic dialer and a recorded or artificial voice.

16. The "home makeover" program is a promotion engaged in by defendant DirectBuy, Inc., for the purpose of promoting its goods and services.

17. Under Federal Communications Commission regulations implementing the Telephone Consumer Protection Act, 47 U.S.C. §227, telemarketing robocalls are prohibited unless the consumer has given express written consent. The consumer must be clearly and conspicuously informed that the consequences of consenting is that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller. It must relate to a designated telephone number. The caller has the burden of proving consent. The regulations are published at 47 C.F.R. Part 64, [CG Docket No. 02-278; FCC 12-21], 77 FR 34233 (June 11, 2012), and took effect on July 11, 2012.

18. Defendant DirectBuy, Inc., as the entity whose products or services were advertised, derived economic benefit from the phone calls.

19. Defendant DirectBuy, Inc., either negligently or wilfully violated the rights

3

of plaintiff and other recipients in making or arranging for the calls.

## VIOLATION ALLEGED

20. A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S.C. §227(c)(5) provides:

> **(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--**
>
> **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

21. Plaintiffs and each class member is entitled to statutory damages.

22. Defendants violated the TCPA even if their actions were only negligent.

23. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24. Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiff Stephanie Sojka brings suit on behalf of a class. Plaintiff Stephanie Sojka is the class representative.

25. The class consists of (a) all persons (b) whose phone numbers are listed on

the national do not call list (c) who have received, at any time during the last four years, (d) more than one telephone call within any 12-month period (e) by or on behalf of DirectBuy, Inc., (f) with respect to whom defendants cannot provide a writing in which the person expressly consented to such calls.

26. On information and belief, defendants have made or arranged for similar calls to at least 40 other persons.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of placing calls to persons on the national do not call list;

    b. The manner in which defendants compiled or obtained their list of numbers;

    c. Whether defendants thereby violated the TCPA;

28. Plaintiff Stephanie Sojka will fairly and adequately protect the interests of the class. Plaintiff Stephanie Sojka has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff Stephanie Sojka nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. Plaintiff Stephanie Sojka's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

30. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31. Several courts have certified class actions under the TCPA. Telephone

call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* No. 11-56600, 2012 U.S. App. LEXIS 21136, *7-9 (9th Cir., October 12, 2012); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

32. Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against further violations;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

    s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                s/ Daniel A. Edelman
                Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
T:\27443\Pleading\Complaint 11_28_12 Revision_Pleading.WPD