**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE SOJKA, DANIEL HARTOWICZ, and KENYATTA GILLIAM, on behalf of themselves and all others similarly situated, and MARK SOJKA<br><br>*Plaintiffs*,<br><br>*v.*<br><br>DIRECTBUY, INC., an Indiana corporation,<br><br>*Defendant*. | Case No. 1:12-cv-09809<br><br>***Related to:***<br><br>Case No. 1:13-cv-01710<br>Case No. 1:13-cv-02786<br><br>Honorable Gary Feinerman |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL**

Plaintiffs Stephanie Sojka, Mark Sojka, Daniel Hartowicz and Kenyatta Gilliam (collectively, "Plaintiffs"), respectfully request pursuant to Fed. R. Civ. P. 37, entry of an Order compelling Defendant DirectBuy, Inc. ("Defendant" or "DirectBuy") to respond, without objection, to certain of Plaintiffs' First Consolidated Set of Jurisdictional Interrogatories and Requests for Production of Documents.

The Parties have met and conferred in accordance with Local Rule 37.2 in a good faith attempt to resolve the discovery disputes described herein, but have been unable to reach a full accord. Therefore, Plaintiffs hereby seek the relief described below.[1]

---

[1] Despite the Parties reaching an agreement with respect to several of the discovery issues in dispute—primarily regarding Plaintiffs' requests directed at the jurisdictional (as opposed to transfer) issues raised in DirectBuy's pending motion—nine (9) interrogatories and twenty-eight (28) documents requests still remain in dispute. In order to include in the instant motion and memorandum the text of each of those requests, DirectBuy's responses and objections to the same, and the bases upon which additional responses should be compelled, it is necessary for Plaintiffs to submit this motion and memorandum in excess of the Court's fifteen-page limit. At the October 3, 2013 status conference in this matter, Plaintiffs anticipated that such an oversize brief would be required to adequately address the issues now before the Court, and the Court

1

## I.  INTRODUCTION

Plaintiffs brought the instant consolidated actions (the "Actions") against DirectBuy to put a stop to its making of thousands of unsolicited telephone and text message calls to potential consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Shortly after consolidation of the Actions before this Court, on June 11, 2013, DirectBuy filed its motion to transfer the Actions to the Northern District of Indiana pursuant to 28 U.S.C. §§ 1404(a) and 1631, and also argued that Plaintiffs had failed to allege facts supporting the exercise of general jurisdiction over it in Illinois, as well as specific jurisdiction over it with respect to Plaintiff Gilliam's individual claims. (Dkts. 67, 68.)[2]

By Order entered July 2nd, the Court granted Plaintiffs leave to take limited discovery related to the transfer and jurisdictional issues raised in DirectBuy's motions. (Dkt. 89.) Thereafter, Plaintiffs served their consolidated amended written discovery requests on DirectBuy related to the transfer and jurisdictional issues, and DirectBuy served formal written responses and objections to the same. (Exhibits A and B, respectively) After review, Plaintiffs identified what they believed were several significant deficiencies in those responses and objections, which they outlined for DirectBuy in a comprehensive meet and confer letter served on September 12th.

In particular, DirectBuy asserted numerous relevance objections (or failed to provide complete responses) to Plaintiffs' requests regarding, *inter alia*, its interactions with DirectBuy franchisees in Illinois, travel to Illinois, the location of its officers and employees in Illinois, its marketing efforts directed in and to Illinois, and its relationships with other third-parties located

---

ordered that they submit whatever briefing they believed necessary. Notwithstanding, should the Court require a formal motion for excess pages, Plaintiffs respectfully request leave to so move.
[2]    DirectBuy also separately moved to dismiss Plaintiffs' Consolidated Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). That motion has been fully briefed. (Dkts. 69, 82, 92, 93.)

in Illinois related to the alleged conduct at issue. DirectBuy further claimed—despite its motion

to dismiss for lack of personal jurisdiction—that many of Plaintiffs' requests were directed at

jurisdictional issues—not the appropriateness of transfer under Section 1404(a)—and thus, were

overly broad, irrelevant and did not require a response. DirectBuy also asserted numerous

privilege objections without providing an appropriate privilege log, along with numerous other

generalized objections.

Following DirectBuy's receipt of Plaintiffs' September 12th letter, counsel for the Parties

had several discussions—telephonically, by e-mail and in person—regarding Plaintiffs' concerns

and the perceived deficiencies in DirectBuy's responses.[3] Despite the productive tone of those

discussions, the Parties were unable to reach an accord on the issues Plaintiffs had raised.

Accordingly, when they appeared for status on October 3rd, the Parties informed the Court that

although they had attempted to narrow the issues in dispute—specifically, by agreeing on a

proposed amendment to Plaintiffs' Consolidated Complaint that would alleviate DirectBuy's

concerns regarding the exercise of jurisdiction over it and relatedly, the elimination of several

---

[3]     Pursuant to Local Rule 37.2, the parties have had the following discovery conferences:
On September 27, 2013, Plaintiffs' counsel, Douglas J. Campion of the Law Offices of Douglas
J. Campion, APC, conferred in-person with counsel for DirectBuy, Martin Jaszczak of Locke
Lord LLP, regarding the jurisdictional issues raised in DirectBuy's motion to transfer, and
whether an agreement could be reached on an amendment to the pleadings to alleviate
DirectBuy's concerns in this regard and the need for further discovery on those issues. On
September 30, 2013, Plaintiffs' counsel, Benjamin H. Richman of Edelson LLC, conferred with
Mr. Jaszczak by telephone regarding certain of Plaintiffs' outstanding discovery requests and
whether they related to the Section 1404(a) factors to be considered on DirectBuy's motion
transfer or purely jurisdictional issues. At that time, Mr. Richman and Mr. Jaszczak also
discussed the possibility of amending Plaintiffs' consolidated complaint to alleviate DirectBuy's
jurisdictional concerns and the need for further discovery on those issues. And, finally, on
October 3, 2013, Plaintiffs' counsel, James Latturner and Heather Kolbus of Edelman Combs
Latturner and Goodwin LLP, and Mr. Richman conferred in-person with Mr. Jaszczak regarding
whether certain of Plaintiffs' outstanding requests were directed to purely jurisdictional issues,
whether the parties could agree on an appropriate amendment of the pleadings to avoid such
issues going forward, and whether the need for further responses by DirectBuy to any of
Plaintiffs' outstanding requests could be otherwise eliminated.

discovery requests related to the jurisdictional issue—they had been unable to do so and expected that Plaintiffs would proceed to file a motion to compel. (*See* Dkt. 96.)

Nevertheless, following the October 3rd status conference, the Parties continued to discuss the potential to narrow the discovery issues in dispute and were ultimately able to do so. In particular, the Parties agreed that (i) Plaintiffs would file a Second Amended Consolidated Complaint outlining in further detail the bases for exercising jurisdiction over DirectBuy in Illinois—which they did on October 25th (Dkt. 103), (ii) as a result, DirectBuy would withdraw its arguments regarding any perceived lack of jurisdiction (and has confirmed that Plaintiffs' amendments are acceptable in this regard), and (iii) that DirectBuy need not supplement its responses to several of Plaintiffs' outstanding written discovery requests that the Parties agree relate only to jurisdictional issues.

In light of the foregoing, Plaintiffs now seek to compel a more limited set of supplemental written responses and document production, and for the reasons described below, the instant motion should be granted in its entirety and DirectBuy ordered to provide such supplemental responses and production.

## II.     ARGUMENT

### A.     Legal Standard

Particularly important here, Fed. R. Civ. P. 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other

matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In the context of DirectBuy's pending motion to transfer, information related to the factors considered under 28 U.S.C. § 1404(a) to determine whether transfer is appropriate are obviously relevant. Specifically, discovery should be allowed regarding whether (1) venue is proper in both the transferor and proposed transferee courts; (2) transfer would be for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. Further, because "[i]n evaluating the convenience and fairness of a transfer, the court must consider relevant private and public interests[,]" discovery regarding (1) the situs of material events; (2) the location and ease of access to sources of proof; (3) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of witnesses; and (4) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum is highly relevant as well. *Hartford Cas. Ins. Co. v. Topsail Sportswear, Inc.*, 10 C 1507, 2010 WL 2757556, at *1 (N.D. Ill. July 8, 2010).[4]

As explained further below, each of the discovery requests for which Plaintiffs seek an order compelling supplemental responses from DirectBuy bear directly on one or more of the factors (or other considerations) identified above and therefore, are both relevant and discoverable.

---

[4]     Of course, "[w]hen examining the interest of justice (often referred to as the 'public interest' factors), the court [also] focuses on the efficient administration of the court system. Relevant considerations here include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *St. Paul Fire and Marine Ins. Co. v. Brother Int'l Corp.*, 05 C 5484, 2006 WL 1543275, at *1 (N.D. Ill. June 1, 2006). "Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale." *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership*, 870 F.Supp. 470, 474 (N.D. Ill. 1992).

**B.     DirectBuy's General Objections are Improper and Must be Stricken.**

As an initial matter and before turning to Defendant's substantive responses and objections to each request, its assertion (and incorporation into each response) of numerous general objections are inappropriate and not permitted by Fed. R. Civ. P. 33(b), 34(b) and 36(a). Indeed, it is well-settled that "'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all-and will not be considered." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009). For that reason and because such general objections lack the sufficiency required by the Federal Rules of Civil Procedure, they are in essence without legal meaning and may be treated as if they have been waived. *See, e.g., In re Folding Carton Antitrust Litig.*, 83 F.R.D. 26, 264 (N.D. Ill. 1979) ("General objections may result in waiver of the objections."); *see also Novelty*, 265 F.R.D. at 375 (citing *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (holding ineffective "general objections" even though the request indicated that production was "subject to and without waiving" those objections, because the objections were not presented "with sufficient specificity to enable this court to evaluate their merits"); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. 2006) (collecting cases rejecting "reflexive invocation[s] of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence….").

Accordingly, Plaintiffs respectfully request that Defendant's extensive general objections to both their interrogatories and document requests be treated as if they have been waived or simply that they be stricken altogether.

**C.     DirectBuy has Failed to Provide an Appropriate Privilege Log and Therefore, Its Privilege Objections Must be Stricken as Well.**

Similarly, DirectBuy has failed to supply the requisite detail upon which to base its privilege objections. Unlike DirectBuy has done here, a party claiming privilege must "describe the nature of the documents, communications, or things not produced…in a manner that, without revealing information itself privileged…will enable [the] other part[y] to assess the applicability of the privilege." *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) (citing Fed. R. Civ. P. 26(b)(5)). In order to provide the requisite specificity, a responding party must produce a privilege log, or its equivalent. Fed. R. Civ. P. 26(b)(5).

"Courts in this district have required that a privilege log identify 'for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.'" *RBS Citizens, N.A. v. Husain*, No. 09 C 4956, 2013 WL 2457982 (N.D. Ill. June 4, 2013) (citing *Muro v. Target Corp.,* No. 04 C 6267, 2006 WL 3422181, at *2 (N.D. Ill. Nov. 28, 2006); *Babych v. Psychiatric Solutions, Inc.,* 271 F.R.D. 603, 608 (N.D. Ill. 2010); *United States v. BDO Seidman,* 337 F.3d 802, 811 (7th Cir. 2003); Fed.R.Civ.P. 26(b)(5)(A)). "This information must be sufficiently detailed to allow the court to determine whether the party asserting the privilege has discharged its burden of establishing the applicability of the privilege." *Muro*, 2006 WL 3422181, at *2.

Here, DirectBuy has asserted several privileges in its general objections to Plaintiffs' individual discovery requests, all without any description of what information has been withheld (if any) and why, nor whether any additional information would be forthcoming notwithstanding the asserted privileges. As a result, Plaintiffs (and the Court, for that matter) have been left with no meaningful opportunity to evaluate DirectBuy's privilege claims and DirectBuy has failed to

meet its obligations in this regard. For these reasons, Plaintiffs respectfully request that

DirectBuy's privilege objections—general or otherwise—be deemed waived or that it be ordered

to produce an appropriate privilege log. *See Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D.

Ill. 2001) ("Failure to follow these Rules may result in waiver of the privilege.").

III.    **DEFENDANT'S RESPONSES AND OBJECTIONS TO INTERROGATORIES**

Turning to DirectBuy's responses and objections to specific requests, the Parties were

unable to reach an accord with respect to the following Interrogatories Nos. 1, 3, 6, 7, 9, 10, 11,

12, 14, and 15. The Interrogatories are set forth below, followed by DirectBuy's responses and

objections and the reasons why they are deficient and must be supplemented.

A.    **INTERROGATORY No. 1** states:  IDENTIFY each DIRECTBUY employee
that resides and/or works in Illinois.

**RESPONSE:**    DirectBuy, Inc. objects to this interrogatory on grounds that it is
overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that
Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to
transfer at this stage of the proceedings, but this interrogatory seeks information outside
of the scope of that motion. The interrogatory seeks information regarding all employees
who may reside and/or work in Illinois without limiting the interrogatory to those who
could be called as witnesses in Plaintiffs' case. Without waiving these objections,
DirectBuy, Inc. responds that none of its employees work in Illinois. Answering further,
DirectBuy, Inc. responds that of all the DirectBuy, Inc. employees anticipated to be
witnesses in this case, David Lee is the only one who resides in Illinois. Rod Troutman,
C. Joseph Yast, and Fred Graessle do not reside in Illinois.

Whether DirectBuy has employees working or residing in Illinois clearly relates to the

convenience of the parties and witnesses. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill.

1999) (the convenience of parties and witnesses relates "specifically [to] their respective

residences and their ability to bear the expense of litigating in a particular forum.") Defendant's

overbroad objection is improper because Defendant's response to this interrogatory is relevant to

its motion to transfer, in particular, the private interest factors.  Defendant's limitation to

identifying only those "employees anticipated to be witnesses in this case" who reside in Illinois

is improper, especially when no side has yet served a witness list (nor been required to) and

when it only attempts to address one factor in DirectBuy's pending motions.

      **B.**     <u>**INTERROGATORY No. 6**</u> states: IDENTIFY and DESCRIBE any national marketing, advertising, or promotional activities that were or were not submitted to YOU for YOUR approval and conducted by any of YOUR franchisees that were directed to Illinois residents.

          <u>**RESPONSE:**</u>  DirectBuy, Inc. objects to this interrogatory on grounds that it is overbroad and premature. DirectBuy, Inc. further objects on grounds that this interrogatory seeks information irrelevant to the motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the terms "YOU" and "YOUR" are overbroad in the context of this interrogatory in that they purport to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects on grounds that this interrogatory is vague and ambiguous. DirectBuy, Inc. further objects that it would be impossible to provide the requested information "not submitted" to DirectBuy, Inc., even if this interrogatory were not otherwise objectionable.

With respect to the relevant transfer factors, DirectBuy's advertising and marketing

activities that were directed to Illinois residents are narrowly tailored to the private interest

factors such as situs of material events, access to sources of proof, and the availability of

witnesses. DirectBuy should be compelled to respond without objection.

Defendant also objects that the interrogatory is vague and ambiguous, but fails to

articulate with specificity what is vague or ambiguous, as it is required to do. *In re Folding*

*Carton Antitrust Litigation*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) (citing *United States v. 58.16*

*Acres of Land*, 66 F.R.D. 570, 572 (E.D. Ill. 1975) ("Objections to interrogatories must be

specific and supported by a detailed explanation why the interrogatories are improper.")). Thus,

without more, these objections cannot stand either.

Defendant further objects to the definition of "YOU" and "YOUR" as overbroad. The

definition of "YOU" and "YOUR" necessarily includes any individuals who have the authority

to bind DirectBuy. Accordingly, they are sufficiently narrow and properly included within the scope of this request.

Finally, DirectBuy objects that it is impossible to provide information that was "not submitted" to it. Defendant's disjunctive reading of the interrogatory is too narrow. Of course, it is possible that DirectBuy's franchisees conducted marketing and advertising activities that were not submitted for prior approval, but any marketing materials that were submitted, are certainly relevant and discoverable. While DirectBuy franchises may be independently owned and operated, DirectBuy has never denied that it has contact with them and oversight over them.

  C. **INTERROGATORY No. 7** states: IDENTIFY all leads YOU have generated and delivered to YOUR ILLINOIS FRANCHISEES through YOUR "diversified national advertising programs" (as referenced on https://franchise.directbuy.comlresource_center/ad_campaigns.html).

  **RESPONSE:** DirectBuy, Inc. objects to this interrogatory on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this interrogatory on grounds that it is overbroad and premature. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.' s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the terms "YOU" and "YOUR" are overbroad in the context of this interrogatory in that they purport to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that the web location specified in this interrogatory does not exist and therefore that it would be impossible to provide the requested information "as referenced" on that site.

Whether Defendant is advertising in Illinois or directing advertisements into Illinois or to Illinois residents in any form is obviously relevant and related to the merits of Plaintiffs case, and to private interest factors for the motion to transfer, including access to sources of proof and convenience of witnesses—e.g., third parties distributing such advertisements in Illinois may be sources of relevant evidence and indicate that it is convenient for DirectBuy to operate within the state.

DirectBuy also objects that the website identified in the interrogatory does not exist. However, the website was in existence at the time the discovery requests were served and only became unavailable thereafter. (*See* Declaration of Christopher L. Dore ¶¶ 2-5, attached as Exhibit C.) If DirectBuy is unable to provide the requested information, Plaintiffs request that it identify the person(s) who made the decision to remove the site from the internet and explain when that decision was made and why. Additionally, Plaintiffs request that DirectBuy be required to explain what, if any, steps DirectBuy took to preserve and/or restore the website and why they were unsuccessful.

D. **INTERROGATORY No. 9** states: IDENTIFY each time a DIRECTBUY employee has visited one of YOUR ILLINOIS FRANCHISEES in person during the RELEVANT TIME PERIOD.

**RESPONSE:** DirectBuy, Inc. objects to this interrogatory on grounds that it is overbroad. DirectBuy, Inc. further objects on grounds that the interrogatory seeks information irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOUR" is overbroad in the context of this interrogatory in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant's contacts and business dealings with Illinois residents and in Illinois are relevant to the motion to transfer and, in particular, the convenience of the parties factor and public interest factors.[5] Additionally, DirectBuy's objection to the definition of "YOUR" as overbroad is misplaced for the reasons described above and also because, in the context of this interrogatory, it is narrowly tailored to include persons acting or purporting to act on behalf of DirectBuy. More specifically, it is likely that many (if not all) of the visits were made by

---

[5] Plaintiffs offered to limit this interrogatory to visits occurring in Illinois for work related purposes, in an effort to resolve DirectBuy's concerns regarding its supposed overbreadth. Defendant did not respond to this offer, and it is reasserted herein as an effort to compromise.

officers, directors, agents, attorneys and employees, and this interrogatory is crafted to obtain

that information.

E. **INTERROGATORY No. 10** states: IDENTIFY and DESCRIBE all of YOUR "International Sales & Service Conference, PaceSetters Getaway and Summit Conference, and/or Owners Meetings" (as referenced on https://franchise.directbuy.com/owning_a_c1ub/events.html?p=1.1.2.9),"regional and network-wide Owners meetings", and/or "other training sessions" (as referenced on https://franchise.directbuy.com/faq/index.html) that have taken place in the state of Illinois.

**RESPONSE:** DirectBuy, Inc. objects to this interrogatory on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this interrogatory on grounds that it is overbroad and premature. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOUR" is overbroad in the context of this interrogatory in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that the web locations specified in this interrogatory do not exist and therefore that it would be impossible to provide the requested information "as referenced" on those sites.

This request is related to events that took place in Illinois and goes to Defendant's

contacts with Illinois. The number of contacts with Illinois and the nature of the contacts go

toward the public interest factors relating to the motion to transfer. Defendant's business dealings

in Illinois are also relevant to the private interest factors such as convenience of the parties and

witnesses.

As described above, DirectBuy's objections to the definition of "YOUR" as overbroad is

unavailing. Here, this term is defined and tailored to include persons acting or purporting to act

on behalf of DirectBuy. It is appropriate in this context to determine the extent of the contact

with Illinois and the extent that DirectBuy conducts business in Illinois. Plaintiffs further

requested that DirectBuy state whether the persons identified participate or are present at these

meetings, training sessions, conferences and getaways. DirectBuy has not responded to these requests.

DirectBuy also objects that the websites identified in the interrogatory do not exist. However, the websites were in existence at the time the discovery requests were served and only became unavailable thereafter. Plaintiffs reassert their arguments as set forth above in the discussion of Interrogatory No. 7 (*See* III.C, above.)

F.  **INTERROGATORY No. 11** state:  IDENTIFY and DESCRIBE all "remote and on-site support", "ongoing sales and service training sessions", as well as all instances of YOUR "hands-on training", that occurred in Illinois (as referenced on https://franchise.directbuy.com/faq/index.html and https://franchise.directbuy.comlowning_a_c1ub/training.html?p=1.1.2.6).

**RESPONSE:**  DirectBuy, Inc. objects to this interrogatory on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this interrogatory on grounds that it is overbroad and premature. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.' s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOUR" is overbroad in the context of this interrogatory in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that the web locations specified in this interrogatory do not exist and therefore that it would be impossible to provide the requested information "as referenced" on those sites.

Defendant has asserted identical objections as set forth above in response to Interrogatory 10. Accordingly, Plaintiffs re-state their responses to those objections as set forth. (*See* III.E, above.)

G.  **INTERROGATORY No. 12** states:  IDENTIFY and DESCRIBE YOUR facility "near Chicago" (as referenced on https://franchise.directbuy.com/owning_a_club/support.html?p=1.1.2.7), INCLUDING any facility RELATED TO UCC Distribution, Inc.

**RESPONSE:**  DirectBuy, Inc. objects on grounds that this interrogatory is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this interrogatory seeks information outside

of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOUR" is overbroad in the context of this interrogatory in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that this interrogatory is vague and ambiguous in that it is unclear whether it requests information on the single facility described on the website or "any" facility related to UCC Distribution, Inc. DirectBuy, Inc. further objects that the web location specified in this interrogatory does not exist and therefore that it would be impossible to provide the requested information "as referenced" on that site. Without waiving these objections, DirectBuy, Inc. responds that UCC Distribution, Inc. does not have any facility located in Illinois.

This request is directly related to Defendant's contacts with Illinois and Defendant's attempts to connect with persons in Illinois by reference to a major city in Illinois. This interrogatory also relates to the motion to transfer, in particular the convenience of parties and witnesses. Surely, a party that has held themselves out as being located near Chicago, considers Chicago a convenient forum.

Defendant further objects that the interrogatory is vague and ambiguous because it is unclear whether the interrogatory is directed to one facility or any facility related to UCC Distribution, Inc. Plaintiffs' intent was to have Defendant identify and describe more than one facility, if more than one existed. Since it appears that Defendant has answered the interrogatory without waiving its objection, Plaintiffs offered to re-state the interrogatory if Defendant would waive its objection in this regard. Defendant has not responded to this request to compromise.

H. **INTERROGATORY No. 14** states: IDENTIFY each and every instance during the RELEVANT TIME PERIOD in which DIRECTBUY employees David Lee, Rod Troutman, Fred Graessle, and C. Joseph Yast have travelled to Illinois for work related purposes.

**RESPONSE:** DirectBuy, Inc. objects on grounds that this interrogatory is irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion.

This interrogatory is relevant to the motion to transfer, in particular the convenience of the parties and witnesses and access to sources of proof. Defendant's objections to this request are inconsistent with its positions asserted in response to several of Plaintiffs' other discovery requests. In particular, the persons identified in the interrogatory are the same persons Defendant identified as its witnesses in response to Interrogatories 1 and 13. Certainly, Defendant's employees who are travelling to Illinois for work-related purposes with any type of frequency consider Illinois a convenient forum.

    I.      **INTERROGATORY NO. 15** states:  IDENTIFY the airport most frequently utilized by DIRECTBUY employees for work related travel.

          **RESPONSE:**  DirectBuy, Inc. objects on grounds that this interrogatory is irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this interrogatory seeks information irrelevant to and outside of the scope of that motion.

The request is related to Defendant's business contacts, whether it is conducting business in Illinois and, in particular, the convenience of the parties. If Defendant's officers and employees frequently travel through airports in the Chicagoland area that too would obviously indicate that Illinois is a convenient forum.

**IV**.   **DEFENDANT'S RESPONSES AND OBJECTIONS TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Next, the Parties were also unable to reach an accord on Defendant's responses and objections to the following Requests for the Production of Documents: Nos. 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 31, 33 and 34.  The Document Requests are set forth below, followed by DirectBuy's responses and objections and the reasons why they are deficient and must be supplemented.

    A.      **REQUEST FOR PRODUCTION No. 1** states:  All DOCUMENTS referring to a "$50,000 home makeover" promotion, including all documents approving or

disapproving any advertisements, marketing plans, phone scripts, or other promotional material relating to any "$50,000 home makeover" promotion, and all reports showing the results of the program in Illinois (or areas including Illinois).

**RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is overbroad and premature. DirectBuy, Inc. further objects on grounds that the request seeks documents irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. further objects to the extent this request seeks documents outside of DirectBuy, Inc.'s care, custody, possession, or control.

This request seeks production of documents regarding Defendant's advertising in Illinois—for example, the Sojka Plaintiffs (who reside in Illinois) allegedly received unsolicited phone calls related to a $50,000 home makeover promotion. Thus, the information requested is relevant to several of the transfer factors, including location of other witnesses for compulsory process and convenience of the parties and witnesses.

In an effort to address Defendant's overbroad and premature objections, Plaintiffs offered to amend this request to state: All DOCUMENTS referring to a "$50,000 home makeover" promotion directed into Illinois and to Illinois residents, including all documents approving or disapproving any advertisements, marketing plans, phone scripts, or other promotional material relating to any "$50,000 home makeover" promotion, and all reports showing the results of the program in Illinois (or including areas of Illinois). Defendant did not directly respond to this request to compromise. Nevertheless, Plaintiffs reassert this offer or in the alternative, seek a ruling on the objections set forth.

Defendant further objects that the request seeks production of documents outside of Defendant's care, custody, possession or control. While Defendant may not be compelled to produce documents it does not possess or control, there are likely some responsive documents

16

which Defendant can produce—e.g., internal communications related to those marketing

campaigns. In addition, Defendant can identify the persons or entities that are in possession, care,

custody or control of responsive documents, which would obviously assist in an analysis of

private interest factors relevant to the motion to transfer (e.g., location of sources of proof).

> **B.** **REQUEST FOR PRODUCTION No. 5** states: All contracts between YOUR ILLINOIS FRANCHISEES and any marketing company that contemplated or involved the performance of marketing services in Illinois or directed at residents of Illinois.
>
> **RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is overbroad and premature. DirectBuy, Inc. further objects on grounds that the request seeks documents irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. further objects to this request on grounds that "any marketing company ... that contemplated or involved the performance of marketing services..." is vague and ambiguous. DirectBuy, Inc. also objects that the definition of the term "YOUR" is overbroad in the context of this request in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that what a marketing company contemplated is irrelevant to this matter. DirectBuy, Inc. further objects to the extent this request seeks documents outside of DirectBuy, Inc.'s care, custody, possession, or control.

Similar to Document Request No. 1, this request seeks production of documents

regarding Defendant's advertising in Illinois or directed at residents in Illinois. It is narrowly

limited to Illinois Franchisees and marketing services performed in Illinois or directed to Illinois

residents. This request is relevant to the motion to transfer in identifying sources of evidence and

proof and is related to private interest factors, such as location of other witnesses for compulsory

process and convenience of the parties and witnesses.

Defendant raises a similar objection as set forth in Document Request 1 (*see* IV.A), that

the documents requested are outside of its care, custody, possession or control. Plaintiffs have

addressed that objection above and reassert their arguments herein. Moreover, it is likely that

Defendant has at least some degree of control over its Illinois franchisees by way of, *inter alia*, the terms of its franchise agreements with them. Thus, at the very least, Defendant should be able to identify the persons or entities that are in possession, care, custody or control of responsive documents, which as explained above, would be relevant to identifying the location of relevant evidence.

Defendant's objection to the definition of "YOUR" as overbroad is identical to that raised in response to Plaintiffs' Interrogatory No. 6. (*See* III.B)  Plaintiffs reassert their arguments in response to that objection herein.

      C.      **REQUEST FOR PRODUCTION No. 6** states:  The franchise agreements with current or past ILLINOIS FRANCHISEES, INCLUDING any addenda or riders relating to venue, choice of law, or marketing or promotional activities.

          **RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is overbroad and premature. DirectBuy, Inc. further objects on grounds that the request seeks documents irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information outside of the scope of that motion.

Defendant's objections ignore the fact that its franchise agreements, including provisions regarding choice of law, venue, and marketing and promotional activities are relevant to its conduct of business and contacts with Illinois, and therefore are relevant and related to the motion to transfer insofar as convenience of the forum, situs of material events, access to sources of proof and the convenience of the parties/witnesses. In addition, production of the franchise agreements may lead to the discovery of admissible evidence relating to public interest factors because they involve Illinois corporations and the application of Illinois law to franchise disputes or related matters.

      D.      **REQUEST FOR PRODUCTION No. 8** states:  All DOCUMENTS RELATING TO procedures for submission for review or approval of marketing, solicitation, advertising and promotional material for use by ILLINOIS FRANCHISEES or to

be directed to Illinois residents, INCLUDING anything in the Operating Manual (as it is defined in the franchise agreement to include bulletins, etc.) dealing with such subjects.

**RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is overbroad and premature. DirectBuy, Inc. further objects on grounds that the request seeks documents irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. further objects that the request is vague and ambiguous.

Document Request 8 seeks production of documents relating to procedures for submission for review or approval of marketing, solicitation, advertising and promotional material for use by Illinois Franchisees or to be directed to Illinois residents. Defendant raises identical objections to those set forth in its response to Document Request 6. Accordingly, Plaintiffs reassert their responses to those objections herein. (*See* IV.C.)

E. **REQUEST FOR PRODUCTION No. 9** states: All marketing, solicitation, advertising and promotional material prepared by YOU and supplied for use by ILLINOIS FRANCHISEES or directed to Illinois residents.

**RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is overbroad and premature. DirectBuy, Inc. further objects on grounds that the request seeks documents irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in the context of this request in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Information responsive to this request may lead to the discovery of the location of relevant evidence—e.g., whether and which Illinois Franchisees maintain copies of certain of the promotional materials identified in the request. Moreover, information responsive to this request may also be relevant to public interest factors for the motion to transfer as they effect both Illinois corporations (franchises) and Illinois residents. Further, Defendant's advertising and

solicitations used by its Illinois Franchisees or directed to Illinois residents are clearly related to its contacts with Illinois and conduct of business in Illinois.

Defendant also objects that the definition of the term "YOU" is overbroad as related to this request. Plaintiffs have previously addressed this objection in Section III.B., and reassert their arguments herein. Further, the term is tailored to fit this request to include persons acting or purporting to act on behalf of DirectBuy. In this context, advertisements and promotional material may have been prepared by officers, directors (e.g., marketing directors), agents, employees or others working on DirectBuy's behalf and this request is phrased to obtain those documents.

      **F.**    **REQUEST FOR PRODUCTION No. 11** states: All DOCUMENTS showing that YOU have or had any of the following in Illinois: (a) employees, (b) bank accounts, (c) real estate, and/or (d) personal property.

          **RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." Without waiving these objections, DirectBuy, Inc. responds that it has no bank accounts, real estate and/or personal property in Illinois, nor do any DirectBuy, Inc. employees work in Illinois.

While Defendant responds in part to this Document Request, it does not state or produce any documents responsive to whether it previously _had_ any (a) employees, (b) bank accounts, (c) real estate, and/or (d) personal property in Illinois.

Further, Defendant objects that the request is overbroad, premature and irrelevant to the motion to transfer. But, each item identified in this request relates to its contacts with Illinois, and the convenience of Illinois as a forum, and is therefore, relevant. *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 522 (N.D. Ind. 2009) (refusing to accept relevancy objections where

objecting party failed to provide "reasons why" request was improper). Defendant's production

of documents evidencing any employees, bank accounts, real estate, and/or personal property in

Illinois may be relevant to a private interest factor (convenience of the parties and the ability to

bear expense of litigation in Illinois) and public interest factors (desirability for resolving

controversy between Illinois residents and a company registered to do business in the state of

Illinois).

Finally, Defendant objects that the definition of "YOU" is overbroad in this context.

Plaintiffs agreed and offered Defendant to limit its response consistent with its objection.

Defendant declined to supplement its response.

> **G.** **REQUEST FOR PRODUCTION No. 12** states:  All DOCUMENTS
> RELATED TO YOU registering to do business with the Illinois Secretary of State
> as DirectBuy, Inc., with file number 54164211.
>
> **RESPONSE:**  DirectBuy, Inc. objects to this request on grounds that it is
> irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this
> request on grounds that it is overbroad. The parties agreed in their Revised Joint Status
> Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in
> DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks
> information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also
> objects that the definition of the term "YOU" is overbroad in that it purports to refer to
> "all present and former officers, directors, agents, attorneys, employees, and all
> PERSONS acting or purporting to act on behalf of any of them."

Defendant's contacts with and conduct of business in Illinois, including registering (or

attempting to register) to do business with the Illinois Secretary of State, are obviously relevant

to the motion to transfer. In particular, Defendant's presence in Illinois relates to the private

interest factors—convenience of parties and witnesses, in particular—and public interest factors

relating to a corporation registered to do business in Illinois and the application of Illinois law to

the same.

Defendant also objected that the definition of "YOU" is overbroad in this context.

Plaintiffs agreed and offered Defendant to limit its response consistent with its objection.

Defendant declined to supplement its response.

      **H.**    **REQUEST FOR PRODUCTION No. 13** states:  All DOCUMENTS RELATED TO YOU registering to do business with the Illinois Secretary of State as United Consumers Club Franchising Corporation.

      **RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objection in response to Request for Production No. 12 and

therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.G.

      **I.**    **REQUEST FOR PRODUCTION No. 14** states:  All DOCUMENTS RELATED TO YOU registering to do business with the Illinois Secretary of State as UCC Total Home, Inc.

      **RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objection in response to Request for Production No. 12 and

therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.G.

      **J.**    **REQUEST FOR PRODUCTION No. 15** states:  All COMMUNICATIONS between YOU and any employees or owners of DirectBuy of Naperville.

**RESPONSE:**   DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

As with DirectBuy's other business contacts in Illinois, communications with employees and owners of an Illinois corporation (one of its franchisees) may lead to the identification of sources of evidence in this case and also bear on the convenience of the parties and witnesses. Thus, the information requested here is also relevant to the transfer factors and should be compelled from DirectBuy.

Defendant again objects that the definition of "YOU" is overbroad in this context. Since this objection has been previously addressed herein, Plaintiffs assert their arguments as set forth in Section III.B herein. Notwithstanding, it bears noting that arguably, most, if not all, of the communications requested here are going to be between Defendant's officers, directors, agents, attorneys, employees and any of the employees or owners of an Illinois corporation (one of its franchisees), and Defendant has articulated no reason to think otherwise. Because the request is drafted to obtain those communications between the identified persons, it is sufficiently narrow.

**K.**    **REQUEST FOR PRODUCTION No. 16** states:  All COMMUNICATIONS between YOU and any employees or owners of DirectBuy of Northern Illinois.

**RESPONSE:**   DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 15 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.J.

**L.**     **REQUEST FOR PRODUCTION No. 17** states: All COMMUNICATIONS between YOU and JZHI Enterprises, LLC.

> **RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 15 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.J.

Defendant further objects that the definition of "YOU" is overbroad in this context. Since

this objection has been previously addressed herein, Plaintiffs assert their arguments as set forth

in Section III.B above. Moreover, because many of the communications requested are likely to

have been between Defendant's officers, directors, agents, attorneys, employees and the Illinois

corporation—Defendant has articulated no basis to believe otherwise—the request is drafted to

obtain those communications between the identified persons and is sufficiently narrow.

**M.**     **REQUEST FOR PRODUCTION No. 18** states: All COMMUNICATIONS between YOU and any employees or owners of DirectBuy of Tinley Park.

> **RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 15 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.J.

**N.**     **REQUEST FOR PRODUCTION No. 19** states:  All COMMUNICATIONS
between YOU and UCC Total Home of Hoffman Estates.

**RESPONSE:**     DirectBuy, Inc. objects to this request on grounds that it is
irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this
request on grounds that it is overbroad. The parties agreed in their Revised Joint Status
Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in
DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks
information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also
objects that the definition of the term "YOU" is overbroad in that it purports to refer to
"all present and former officers, directors, agents, attorneys, employees, and all
PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 17 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.L.

**O.**     **REQUEST FOR PRODUCTION No. 20** states:  All COMMUNICATIONS
between YOU and DirectBuy of Hoffman Estates.

**RESPONSE:**     DirectBuy, Inc. objects to this request on grounds that it is
irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this
request on grounds that it is overbroad. The parties agreed in their Revised Joint Status
Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in
DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks
information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also
objects that the definition of the term "YOU" is overbroad in that it purports to refer to
"all present and former officers, directors, agents, attorneys, employees, and all
PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 17 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.L.

**P.**     **REQUEST FOR PRODUCTION No. 21** states:  All COMMUNICATIONS
between YOU and DirectBuy of Northern Illinois.

**RESPONSE:**     DirectBuy, Inc. objects to this request on grounds that it is
irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this
request on grounds that it is overbroad. The parties agreed in their Revised Joint Status
Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in

DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad 'in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that this request is duplicative of Request No. 16.

Defendant raises identical objections in response to Request for Production No. 17 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.L.

Defendant further objects that this request is duplicative of Request No. 16. (*See* IV.K.)

But, Request No. 16 seeks communications between Defendant and the employees and owners

of DirectBuy of Northern Illinois, whereas this request is not limited to those specific persons,

but is rather directed to communications with the corporate entity. Thus, it is not duplicative.

**Q.** **REQUEST FOR PRODUCTION No. 22** states:  All COMMUNICATIONS between YOU and Kushner Family, Inc.

**RESPONSE:**  DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 17 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.L.

**R.** **REQUEST FOR PRODUCTION No. 23** states:  All COMMUNICATIONS between YOU and Rell Corporation.

**RESPONSE:**  DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to

"all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 17 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.L.

S.    **REQUEST FOR PRODUCTION No. 24** states:  All COMMUNICATIONS between YOU and DirectBuy of Tinley Park.

**RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." DirectBuy, Inc. further objects that this request is duplicative of Request No. 18.

Defendant raises identical objections in response to Request for Production No. 17 above,

and therefore, Plaintiffs reassert their responses to those objections as set forth in Section IV.L.

Defendant further objects that this request is duplicative of Request No.  18. (*See* IV.M.)

But, Request No. 18 seeks communications between DirectBuy and the employees and owners

of DirectBuy of Tinley Park, whereas this request is not limited to those specific persons, but is

rather directed to communications with the corporate entity. Thus, it is not duplicative.

T.    **REQUEST FOR PRODUCTION NO. 26** states:  All COMMUNICATIONS between YOU and Derek M. Molloy.

**RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

27

Defendant's communications with Mr. Malloy may lead to the discovery of admissible evidence in that he is the managing director of Central Call Center International ("CCI"), which is located (at least, in part) in Illinois and Plaintiffs have reason to believe was responsible for making at least a portion of the unauthorized calls at issue in this case. Mr. Malloy is also a former employee of a DirectBuy franchisee located in Illinois. Thus, communications between Mr. Malloy and DirectBuy are likely to be a source of evidence related to the occurrence of material events in this litigation in Illinois and therefore, are relevant to the motion to transfer.

Defendant further objects that the definition of "YOU" is overbroad in this context. This objection is identical to that raised in response to Plaintiffs' Interrogatory No. 6 and therefore, Plaintiffs' reassert their arguments raised in that section. (*See* III.B) But, as with many of Plaintiffs' other requests and as previously explained, most (if not all) of the communications requested here are likely to have been between Defendant's officers, directors, agents, attorneys, employees and Mr. Malloy. As such and because this request is drafted to obtain such communications, the definition of "YOU" is sufficiently narrow.

U. **REQUEST FOR PRODUCTION No. 27** states: All COMMUNICATIONS between YOU and Central Call Center International, Inc.

**RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant's communications with the third party identified herein may lead to the discovery of admissible evidence in that this is a call center located in Illinois and Indiana, which Plaintiffs have reason to believe was responsible for making at least a portion of the

unauthorized calls at issue in this case. Thus, the third-party and its facilities may be the situs of material events or a source of evidence or witnesses.

Defendant again objects that the definition of "YOU" is overbroad in this context. This objection is identical to that raised in response to Plaintiffs' Interrogatory No. 6 and the arguments raised in that section are reasserted here. (*See* III.B.) And, again, many of the communications requested are likely to have been between DirectBuy's officers, directors, agents, attorneys, employees and the third party identified herein. Therefore, because the request is drafted to obtain those communications between the identified persons and parties, it is sufficiently narrow.

    **V.**    **REQUEST FOR PRODUCTION No. 28** states:  All COMMUNICATIONS between YOU and CCC International Inc.

    **RESPONSE:**    DirectBuy, Inc. objects to this request on grounds that it is irrelevant to DirectBuy, Inc.'s motion to transfer. DirectBuy, Inc. further objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. also objects that the definition of the term "YOU" is overbroad in that it purports to refer to "all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them."

Defendant raises identical objections in response to Request for Production No. 27 and therefore, Plaintiffs reassert their arguments in response to those objections as set forth in Section IV.U above.

    **W.**    **REQUEST FOR PRODUCTION No. 29** states:  All COMMUNICATIONS between "DirectBuy's Corporate Marketing Team" (as referenced on https://franchise.directbuy.com/resource_center/ad_campaigns.html) and any ILLINOIS FRANCHISEE.

    **RESPONSE:**    DirectBuy, Inc. objects on grounds that this request seeks documents that are not relevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings,

but this request seeks information irrelevant to and outside of the scope of that motion. DirectBuy, Inc. further objects that the web location specified in this request does not exist and therefore that it would be impossible to provide the requested communications "as referenced" on that site.

Defendant's communications with its Illinois franchisees regarding its various marketing activities in the State of Illinois are relevant to its contacts with state, its activities within the state, and the location of any relevant evidence and witnesses within the state. Thus, the requested information bears on several of the private and public interest factors to be considered on the pending motion to transfer.

DirectBuy also objects that the website identified in the document request does not exist. However, as described above the website was in existence at the time the discovery requests were served and only became unavailable thereafter. (*See* III.C.) Defendant should be compelled to respond without objection.

> **X.** **REQUEST FOR PRODUCTION No. 33** states: All DOCUMENTS demonstrating or evidencing DIRECTBUY employees traveling to Illinois for work related purposes.
>
> **RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is overbroad. DirectBuy, Inc. further objects on grounds that the request seeks documents irrelevant to DirectBuy, Inc.'s motion to transfer. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information irrelevant to and outside of the scope of that motion.

Defendant's duration and frequency of any travel into Illinois for work related purposes is a factor to consider in evaluating the convenience of the parties and witnesses in responding to the motion to transfer, and is therefore relevant. *See, e.g., Moser v. Ayala*, No. 11 C 3563, 2013 WL 1337187 (N.D. Ill. Mar. 29, 2013) (on motion to transfer, considering the parties' respective abilities to travel to forum).

**Y.** **REQUEST FOR PRODUCTION No. 34** states: All DOCUMENTS demonstrating or evidencing any DIRECTBUY employees who reside or work in Illinois.

**RESPONSE:** DirectBuy, Inc. objects to this request on grounds that it is overbroad. The parties agreed in their Revised Joint Status Report (Dkt. 76) that Plaintiffs' discovery would be limited to the issues raised in DirectBuy, Inc.'s motion to transfer at this stage of the proceedings, but this request seeks information outside of the scope of that motion. The request seeks information regarding all employees who may reside and/or work in Illinois without limiting the request to those who could be called as witnesses in this case. DirectBuy, Inc. further objects to the extent this request seeks documents outside of DirectBuy, Inc.'s care, custody, possession, or control. Without waiving these objections, DirectBuy, Inc. responds that none of its employees work in Illinois. Answering further, DirectBuy, Inc. refers Plaintiffs to its response to Interrogatory No. 1 served with these responses to Plaintiff s Requests for Production.

Whether DirectBuy has employees working or residing in Illinois clearly relates to its contacts with Illinois and is relevant to the convenience of the parties and witnesses. *See ECC Computer Centers of Illinois, Inc. v. Entre Computer Centers, Inc.*, 597 F. Supp. 1182, 1186 (N.D. Ill. 1984) (on motion to transfer, considering where relevant witnesses—including party employees—worked and resided).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (i) compelling Defendant to respond, without objection, to Interrogatories Nos. 1, 3, 6, 7, 9, 10, 11, 12, 14, and 15 and Requests for the Production of Documents Nos. 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 31, 33 and 34, and (ii) providing such other and further relief that it deems reasonable and just.

Respectfully submitted,

**STEPHANIE SOJKA**, **DANIEL HARTOWICZ**, and **KENYATTA GILLIAM**, individually and on behalf of all others similarly situated, and **MARK SOJKA**,

By: _s/ Benjamin H. Richman (w/ permission)
*Counsel for Daniel Hartowicz*

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370
*jedelson@edelson.com*
*rbalabanian@edelson.com*
*brichman@edelson.com*
*cdore@edelson.com*

By: _s/ Heather A. Kolbus_____
*Counsel for Stephanie and Mark Sojka*

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
*dedelman@edcombs.com*
*ccombs@edcombs.com*
*jlatturner@edcombs.com*
*hkolbus@edcombs.com*

By: _s/ Douglas J. Campion (w/ permission)
*Counsel for Kenyatta Gilliam*

Douglas J. Campion
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091
*doug@djcampion.com*

*Additional Counsel for Plaintiff Hartowicz*

Stefan Coleman*
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131
(877) 333-9427
*law@stefancoleman.com*

*Additional Counsel for Plaintiff Gilliam*

Ronald A. Marron
Skye Resendes
Alexis M. Wood
Kas L. Gallucci
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive
San Diego, California 92103
(619) 696-9006
*ron@consumersadvocates.com*
*skye@consumersadvocates.com*
*alexis@consumersadvocates.com*
*kas@consumersadvocates.com*

*\*Application for Admission pro hac vice forthcoming.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Heather A. Kolbus, certify that on October 28, 2013, I caused the foregoing document to be filed via the Court's CM/ECF system, which will send notification of such filing to the following parties:

| | |
|---|---|
| Thomas J. Cunningham | tcunningham@lockelord.com |
| Martin W. Jaszczuk | mjaszczuk@lockelord.com |
| Tamra J. Miller | tjmiller@lockelord.com |
| C. Joseph Yast | jyast@directbuy.com |
| Jay Edelson | jedelson@edelson.com |
| Rafey S. Balabanian | rbalabanian@edelson.com |
| Benjamin H. Richman | brichman@edelson.com |
| Christopher L. Dore | cdore@edelson.com |
| Stefan L. Coleman | law@stefancoleman.com |
| Douglas J. Campion | doug@djcampion.com |
| Ronald A. Marron | ron@consumeradvocates.com |
| Skye Resendes | skye@consumeradvocates.com |
| Alexis M. Wood | alexis@consumeradvocates.com |

 s/ Heather A. Kolbus
Heather Kolbus